O. B. CARLSON AND OTHERS v. FRANK E. PEARSON AS SUPERINTENDENT OF BANKS OF THE STATE OF MINNESOTA.[1]

February 6, 1920.

No. 21,721.

**Bank and banking — Act of 1919 applied to pending proceedings before the superintendent.**

1. Chapter 86, Laws 1919, approved March 21, 1919, imposing upon the State Securities Commission the duty of determining whether a certificate of authority to do business as a bank should be issued, applies to proceedings pending before the superintendent of banks at the time of its enactment.

**Act of 1919 valid.**

2. So construed the statute is not unconstitutional as in contravention of the Fourteenth Amendment, nor of sections 2, 7 or 11, article 1, of the state Constitution.

Upon the relation of O. B. Carlson and others the district court for Ramsey county granted its alternative writ of mandamus directed to

[1] Reported in 176 N. W. 346.

Frank E. Pearson, as superintendent of banks of the state of Minnesota, commanding him to deliver to relators the official certificate authorizing the Farmers State Bank of Paynesville to do business as a state bank. The respondent made return and the matter was tried before Michael, J., who made findings and quashed the writ. Relators' motion for additional findings was denied. From the judgment entered pursuant to the findings, relators appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for relators.

*Clifford L. Hilton,* Attorney General, and *Rollin L. Smith,* Assistant Attorney General, for respondent.

*Moore, Oppenheimer & Peterson,* filed a brief as amici curiae.

DIBELL, J.

Mandamus to compel the respondent Pearson, superintendent of banks, to deliver to the Farmers State Bank of Paynesville a certificate of authority to do business as a bank. There was judgment for the respondent and the relators appeal.

1. The relators early in 1919 commenced proceedings to incorporate the Farmers State Bank of Paynesville. Prior to March 18, 1919, the respondent had satisfied himself of the propriety of issuing a final certificate to transact business as soon as the incorporation should be completed. On that day he approved the proposed certificate of incorporation. This was done pursuant to G. S. 1913, §§ 6335, 6336. The certificate was recorded in the office of the register of deeds on March 24, 1919, and its first publication was made on March 27, 1919. The superintendent was required to execute the certificate of authority within 60 days after the filing with him of the original certificate, with proof of publication, and the certificate of the secretary of state to the regularity of the incorporation. G. S. 1913, § 6336.

On March 21, 1919, Laws 1919, p. 86, c. 86, was passed. This statute requires the State Securities Commission to consider applications and determine, upon a hearing, whether a certificate should be granted, and if its determination is favorable it is its duty to direct the superintendent of banks to issue a certificate. It repeals inconsistent laws and contains no clause saving pending applications. It requires an application to be made to the commission by "the incorporators of any bank proposed to be

organized" and provides for a hearing. The relators urge that the words "proposed to be organized" indicate a purpose to restrict the act to banks not in process of organization. We do not think this construction should be given. The act had in view the mischief resulting to the public from a too active promotion and an indiscriminate organization of banks. It intended to remedy the mischief by prescribing the conditions of authorization and by requiring a hearing before the commission, and, in addition, the proposed bank must "have otherwise complied with the provisions of law applicable to the organization of a bank." We hold that the statute applies to a proceeding pending before the superintendent of banks at its passage and contemplates a hearing before the commission.

2. It is the contention of the relators that so construed chapter 86 is in violation of the Fourteenth Amendment to the United States Constitution and of sections 2, 7 and 11 of article 1 of the state Constitution referring to the denial of equal rights, to due process of law, and to the impairment of the obligation of contracts. We are unable to so hold. The relators had not so far proceeded, when chapter 86 was enacted, that they were entitled to a certificate of authority. The superintendent had no authority to give it then. There was no vested right and no contract. There was no denial of equal rights nor a denial of due process nor an impairment of the obligation of a contract. The legislature might constitutionally impose additional or different qualifications or transfer to the securities commission the duty of passing upon the issuance of a certificate, or it might change the procedure. It was exercising a police power.

Judgment affirmed.